UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CSE Entertainment, Ltd., <br><br> Plaintiff, <br><br> v. <br><br> Axtion Technology LLC and Edwin Joseph Kasanders, <br><br> Defendants. | No.    1:20-cv-03408 |

### Complaint

Plaintiff CSE Entertainment, Ltd. ("Plaintiff") by and through its undersigned counsel, hereby brings this Complaint against Defendants Axtion Technology LLC and Edwin Joseph Kasanders (together, "Defendants"). In support thereof, Plaintiff states as follows:

### Parties

1. Plaintiff is a Finnish private corporation whose principal place of business is in Kajaani, Finland.

2. Defendant Axtion Technology LLC is a Wisconsin limited liability company whose principal office is located at 709 S. Vermont Street Palatine, IL 60067.

3. On information and belief, Defendant Edwin Joseph Kasanders is a Palatine, Illinois resident.

### Jurisdiction and Venue

4. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331, 1338 (for claims arising under 15 U.S.C. § 1125 of the Lanham Act).

5. This Court has jurisdiction over the claims herein arising under the laws of the State of Illinois pursuant to 28 U.S.C. § 1338(b), 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(1), (b)(2), and this Court may properly exercise personal jurisdiction over Defendants, because: (i) this is a judicial district in which both defendants reside and all defendants are residents of the State of Illinois; and (ii) this is a judicial district in which a substantial part of the events or omissions giving rise to Plaintiff's claims occurred including, without limitation, Defendants' competing with Plaintiff by utilizing Plaintiff's trademarks within this judicial district.

## Factual Background

*Plaintiff's Business*

7. Founded in 2012, Plaintiff is a Finnish fitness equipment company specializing in the development and sale of software-enabled, interactive fitness (aka "exergaming") and virtual reality equipment.

8. Plaintiff sells its products (the "CSE Products") into and within nearly 40 countries, including the United States and within the State of Illinois.

9. Plaintiff's CSE Products include the iWall[1] exergaming platform that utilizes motion sensing technology to allow users to interact with on-screen fitness instruction, as shown in FIG. 1.




FIG. 1

10. Plaintiff first sold an iWall product into the U.S. on or about January 15, 2018.

---

[1] https://cse.fitness/en/products/#468

11. Plaintiff's CSE Products also include the TapWall[2] exergaming platform that utilizes a touchscreen to allow users to exercise upper-body muscles, improve memory, and sharpen reaction time, as shown in FIG.2.

 

FIG. 2

12. Plaintiff first sold a Tap Wall product into the U.S. on or about June 30, 2018.

13. Plaintiff's CSE Products also include the runBEAT[3] exergaming platform that utilizes a virtual environment to enable and improve treadmill racing activities, as shown in FIG. 3.

 

FIG. 3

14. Plaintiff first delivered a runBEAT exergaming platform into the U.S. on or about March 2019.

15. The iWall, TapWall, and runBEAT trademarks (the "CSE Marks") are distinctive when used in association with the sale of the CSE Products, satisfying to the purchaser that the products come exclusively from Plaintiff or its licensees and are made to Plaintiff's material specification.

---

[2] https://cse.fitness/en/products/#465
[3] https://cse.fitness/en/products/#461

16. Plaintiff has spent considerable resources growing and protecting the CSE Marks.

17. Plaintiff is the owner of all rights, title, and interest in and to the CSE Marks.

18. Plaintiff has built substantial goodwill in and to the CSE Marks which are a well-known and valuable asset of Plaintiff.

19. Plaintiff has continuously used its mark iWall in U.S. interstate commerce in connection with the sale, distribution, promotion, and/or advertising of genuine CSE Products since on or about March 15, 2017.

20. Plaintiff has continuously used its mark TapWall in U.S. interstate commerce in connection with the sale, distribution, promotion, and/or advertising of genuine CSE Products since on or about September 19, 2017.

21. Plaintiff has continuously used its mark runBEAT in U.S. interstate commerce in connection with the sale, distribution, promotion, and/or advertising of genuine CSE Products since on or about August 23, 2018.

22. Genuine CSE Products have become very popular, driven by Plaintiff's elevated quality standards and innovative designs. Genuine CSE Products are instantly recognizable among the consuming public and the CSE Marks identify, in the United States and around the world, high quality fitness and virtual reality equipment offered by Plaintiff.

23. Genuine CSE Products have been promoted and sold at through select licensed vendors in the United States. Sales of the CSE Products have been significant, and Plaintiff's licensed vendors feature and utilize proprietary content, images, and designs exclusive to the Plaintiff and its brands.

24. As a result of Plaintiff's longstanding use of its CSE Marks in association with its high-quality products, extensive sales, and significant marketing activities, the CSE Marks have achieved

widespread acceptance and recognition among with consuming public and throughout U.S. interstate commerce.

*Defendants' Misrepresentations and Infringing Acts*

25. Defendant Kasanders is principal and manager of Defendant Axtion Technology LLC.

26. At all relevant times, Defendant Axtion Technology LLC was and is so controlled by Defendant Kasanders that Defendant Axtion Technology was a mere instrumentality of Defendant Kasanders.

27. On or about September 1, 2014, Plaintiff engaged Motion Fitness LLC, an Illinois limited liability company, to act as a licensed vendor of CSE Products in the United States. At that time, Defendant Kasanders worked for Motion Fitness LLC and was Plaintiff's primary contact with Motion Fitness LLC.

28. On or about July 6, 2017, Defendant Kasanders left Motion Fitness LLC and formed Defendant Axtion Technology LLC. Plaintiff thereafter agreed to allow Defendants to sell CSE Products.

29. At all relevant times, all commercial goodwill associated with Defendant's use of the CSE Marks inured to the benefit of Plaintiff.

30. On January 17, 2018, without Plaintiff's knowledge or authorization, Defendants registered the web domains iwallfitness.com and tapwallfitness.com, which contains the CSE Marks iWall and TapWall, respectively.

31. On February 2, 2019, without Plaintiff's knowledge or authorization, Defendant Kasanders filed a U.S. trademark application for TAPWALL. In his application for TAPWALL, Defendant Kasanders misidentified his ownership of the mark, misidentified the dates the IWALL mark was first used in the U.S., and utilized Plaintiff's photographs of its TapWall product bearing Plaintiff's mark TapWall as well as Plaintiff's TapWall installation guide as a specimen. Defendant Kasanders is identified by the USPTO as the owner of the TAPWALL registration.

A true and correct copy of the specimen Defendant Kasanders submitted in his TAPWALL application is attached hereto as <u>Exhibit A</u>.

32. Also on February 2, 2019, without Plaintiff's knowledge or authorization, Defendant Kasanders filed a U.S. trademark application for IWALL. In his application for IWALL, Defendant Kasanders misidentified his ownership of the mark, misidentified the dates the IWALL mark was first used in the U.S., and utilized Plaintiff's photographs of its iWall product bearing Plaintiff's mark iWall and even Plaintiff's website www.iwall.fitness as well as Plaintiff's iWall installation guide as a specimen. Defendant Kasanders is identified by the USPTO as the owner of the IWALL registration. A true and correct copy of the specimen Defendant Kasanders submitted in his IWALL application is attached hereto as <u>Exhibit B</u>.

33. On April 2, 2019, without Plaintiff's knowledge or authorization, Defendant registered the web domain runbeatfitness.com, which contains Plaintiff's the CSE Mark runBEAT.

34. Also, on April 2, 2019, without Plaintiff's knowledge or authorization, Defendant Kasanders filed a U.S. trademark application for the mark RUNBEAT. In his application for RUNBEAT, Defendant Kasanders misidentified his ownership of the mark, misidentified the dates the RUNBEAT mark was first used in the U.S., and utilized Plaintiff's photographs of its runBEAT product bearing Plaintiff's mark runBEAT as well as Plaintiff's runBEAT installation guide as a specimen. Defendant Kasanders is identified by the USPTO as the owner of the RUNBEAT application. A true and correct copy of the specimen Defendant Kasanders submitted in his RUNBEAT application is attached hereto as <u>Exhibit C</u>.

35. On May 14, 2019, Plaintiff notified Defendants that Plaintiff was aware of Defendants misrepresentations and infringements and demand that Defendants transfer the applications for the CSE Marks to Plaintiff. A true and correct copy of that correspondence is attached hereto as <u>Exhibit D</u>.

36. Later on May 14, 2019, Defendant Kasanders admitted that "we applied last year" because "I saw that other countries in Asia did the same thing." A true and correct copy of that correspondence is attached hereto as Exhibit E.

37. On July 16, 2019, Plaintiff informed Defendants that their permission to sell the CSE Products was terminated.

38. On August 6, 2019, Defendant Kasanders' U.S. trademark applications for TAPWALL and IWALL matured into Reg. No. 5,828,675 and Reg. No. 5,828,674, respectively.

39. On September 16, 2019, Plaintiff informed Defendants that they were to remove all CSE Product information from their website, social media and any other marketing materials and stop selling or quoting any of Plaintiff's products.

40. On October 2, 2019, Defendants represented to Plaintiff that all of Plaintiff's media and remnants of the CSE Products and CSE Marks were removed from Defendant's website.

41. On or about October 11, 2019, Plaintiff became aware that Defendant had reintroduced Plaintiff's CSE Products' media on Defendant's website offering to sell CSE Products albeit that they were "discontinued" and that the website visitor should "Please look below for other products that might interest you." A true and correct copy of a screenshot of Defendant's website utilizing the CSE Marks to direct customers to Defendant's other products is attached hereto as Exhibit F.

42. At no point did Defendant expressly abandon their application for or surrender their U.S. trademark registration for TAPWALL, IWALL, or RUNBEAT.

43. Defendant continues to offer exergaming fitness products under Plaintiff's IWALL and TAPWALL marks, under the mark TOUCH WALL, and under the mark TWALL (collectively, the "Infringing CSE Products"). A true and correct copy of a screenshot of Defendant's website iwallfitness.com showing the mark IWALL used to offer Defendant's product is

attached hereto as Exhibit G. A true and correct copy of a screenshot of Defendant's website axtiontech.com showing the TOUCH WALL and TAPWAPP marks used to offer Defendant's products on June 4, 2020 is attached hereto as Exhibit H. A true and correct copy of a screenshot of Defendant's website axtiontech.com showing the TWALL mark used to offer Defendant's products is attached hereto as Exhibit I.

44. Defendants, without any authorization or license from Plaintiff, have knowingly and willfully used and continue to use the CSE Marks and confusingly similar versions thereof in connection with the advertisement, distribution, offering for sale, and sale of fitness products throughout the United States and into Illinois over the Internet.

45. Defendants offer shipping throughout the United States, including specifically Illinois. On information and belief, each Defendant has sold fitness products throughout the United States, including specifically Illinois, using the CSE Marks.

46. Defendants' unauthorized use of the CSE Marks in connection with the advertising, distribution, offering for sale, and sale of fitness products, including with respect to the sale of such products throughout the United States, including specifically Illinois, is like to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff.

47. Defendants' misrepresentations to the U.S. Trademark Office of Defendants' ownership of and entitlement to the CSE Marks and the resulting trademark registrations is irreparably harming Plaintiff.

48. Defendants' misrepresentations to the U.S. Trademark Office with respect to the TAPWALL, IWALL, and RUNBEAT applications have made them fatally flawed and unenforceable.

49. On February 7, 2020, Plaintiff sent Defendants a letter demanding that Defendants, *inter alia*, immediately cease any use of the CSE Marks, surrender Defendant's registrations for the

IWALL and TAPWALL trademarks and abandon its application for RUNBEAT. A true and correct copy of that demand letter is attached hereto as <u>Exhibit J</u>.

50. Defendants have not complied with any of Plaintiff's demands and continue to use the CSE Marks in willful violation of Illinois state and federal law.

**Count I - Federal Unfair Competition - 15 U.S.C. § 1125(a)**

51. Plaintiff repeats, re-alleges, and incorporates by reference the allegations set forth in Paragraphs 1 - 50.

52. The CSE Marks are distinctive trademarks.

53. Defendant Kasanders' applications and registrations with the United States Patent and Trademark Office for the CSE Marks is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, and/or association with Plaintiff or the origin, sponsorship, or approval or the origin, sponsorship, or approval of the origin or sponsorship of Defendants' Infringing CSE Products.

54. Defendants' advertising, distribution, offering for sale, and sale of Infringing CSE Products has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, and/or association with Plaintiff or the origin, sponsorship, or approval of the origin or sponsorship of Defendants' Infringing CSE Products by Plaintiff.

55. By licensing and using the CSE Marks in association with the advertising, distribution, offering for sale, and sale of the Infringing CSE Products, Defendants create a false designation of origin and a misleading representation of fact as to the true origin and sponsorship of the Infringing CSE Products.

56. Defendants' false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the Infringing CSE Products to the general public involves the willful use of spurious marks and is a willful violation of 15 U.S.C. § 1125.

57. Plaintiff has no adequate remedy at all and will suffer irreparable harm to its reputation and goodwill of its well-known CSE Marks if Defendants' actions are not enjoined.

**Count II - Violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510/1**

58. Plaintiff repeats, re-alleges, and incorporates by reference the allegations set forth in Paragraphs 1 through 50.

59. Defendants have engaged in acts which violate Illinois law including, without limitation: passing off their Infringing CSE Products as those of Plaintiff; causing a likelihood of confusion and/or misunderstanding as to the source of their goods; causing a likelihood of confusion and/or misunderstanding as to the affiliation, connection, or association with genuine CSE Products; representing that their products have Plaintiff's approval when they do not; and engaging in other conduct as described herein which creates a likelihood of confusion or misunderstanding among the public.

60. Defendants' foregoing acts constitute willful violations of the Illinois Uniform Deceptive Trademark Practices Act, 815 ILCS § 510, et seq.

61. Plaintiff has no adequate remedy at all and will suffer irreparable harm to its reputation and goodwill of its well-known CSE Marks if Defendants' actions are not enjoined.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff, CSE Entertainment, Ltd., prays for judgment against Defendants as follows:

**A.** That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

    **(i)** using the CSE Marks or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine CSE Product or is not authorized by Plaintiff to be sold in connection with a CSE Mark;

    **(ii)** passing off, inducing, or enabling others to sell or pass off any product as a genuine CSE Product or any other product produced by Plaintiff that is not Plaintiff's or is not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under a CSE Mark;

    **(iii)** committing any acts calculated to cause consumers to believe that Defendants' infringing products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

    **(iv)** further infringing the CSE Marks and damaging Plaintiff's goodwill;

    **(v)** manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's trademarks, including a CSE Mark, or any reproductions, counterfeit copies, or colorable imitations thereof; and

    **(vi)** operating and/or hosting websites which are involved with the distribution, marketing, advertising, offering for sale, or sale products or inventory not authorized by Plaintiff which bear a CSE Mark;

**B.** Entry of an Order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including, without limitation, any online marketplace platforms such as Amazon, eBay, Wish, Joom, Vova, and AliExpress, sponsored search engine or ad-word providers, credit cards, banks, merchant account providers, third party processors and other payment processing service providers, and Internet search engines such as Google, Bing and Yahoo (collectively, the "Third Party Providers") shall:

   **(i)** disable and cease providing services being used by Defendants, currently or in the future, to engage in the sale of goods using CSE Mark

   **(ii)** disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of goods using without authorization CSE Mark; and

   **(iii)** take all steps necessary to prevent links to any website or other internet resource on which Defendants' unauthorized uses of CSE Marks appear from displaying in search results, including, but not limited to, removing links to any website or other internet resource on which Defendants' unauthorized uses of CSE Marks appear from any search index;

**C.** That Defendants account for and pay to Plaintiff all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that the amount of damages for infringement of the CSE Marks be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117;

**D.** That Defendants' U.S. trademark registrations for IWALL (U.S. Reg. No. 5828674), and TAPWALL (U.S. Reg. No. 5828675) be canceled and Defendant's U.S. trademark application for RUNBEAT (U.S. Ser. No. 88367583) be abandoned.

E. That Defendants transfer the domains iwallfitness.com, tapwallfitness.com, and runbeatfitness.com to Plaintiff;

F. That Plaintiff be awarded its reasonable attorneys' fees and costs as available under 15 U.S.C. § 1117(a), 815 ILCS § 510/3, and other applicable law; and

G. Award any and all other relief that this Court deems just and proper.

Dated: June 10, 2020

Respectfully submitted

/s/Adam E. Urbanczyk
By: Adam E. Urbanczyk
Au LLC
564 W. Randolph St. 2nd Fl.
Chicago, IL 60661
adamu@au-llc.com
(312) 715-7312
ARDC: No. 6301067